IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEIBY RAMON VALERIO AGUILAR, | § | C.A. NO. |
| DIEGO MARQUEZ ALEJANDRO, | § | |
| DANIEL DOMINGUEZ AREVALO, | § | |
| ABRAHAM CRUZ ARISTA, | § | |
| JORGE RODRIGUEZ CACERES, | § | |
| ESMERALDA CASTELLANO, | § | |
| CRISTOBAL TINO CASTILLEJOS, | § | |
| TILO RIVERA CHABLE, | § | |
| CARLOS ABRAHAN MORENO | § | |
| COBOS, JORGE ALBERTO | § | |
| DE LA CRUZ CORDOVA, | § | |
| JOSE DEL CARMEN PEREZ | § | |
| CORDOVA, ORLANDO P. GABRIEL, | § | |
| EDILBERTO GARCIA GOMEZ, | § | |
| JOSE EMMANUEL MENDIZA GOMEZ, | § | |
| GIOVANNI ALBERTO BAUTISTA | § | |
| GONZALEZ, PEDRO JIMENEZ | § | |
| HERNANDEZ, YESSENIA GARCIA | § | |
| JULIAN, JOSE DEL CARMEN | § | |
| CONTRERAS LOPEZ, MIGUEL ANGEL | § | |
| ZETINA LOPEZ, SANTIAGO QUIROZ | § | |
| LOPEZ, CARLOS JOAQUIN NOVELO | § | |
| LUGO, MIGUEL CONTRERAS MAGAÑA, | § | |
| DAVID TOGA MAZARIEGO, | § | |
| ADAN JESUS SANCHEZ PEREZ, | § | |
| LESBETH SEGURA SEGURA, | § | |
| TITO CAZARIN VERGARA, | § | |
| MAGNOLIA MARTINEZ ZAPATA, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF | § | |
| ISIDORO SOLORZANO CASTILLO, | § | |
| DECEASED, ADRIAN MARTINEZ | § | |
| SOLORZANO, AND | § | |
| YADIRA MARTINEZ SOLORZANO | § | |
| | § | |
| VS. | § | |
| | § | |
| FRIEDE & GOLDMAN, LLC; | § | |
| FRIEDE & GOLDMAN, LTD.; | § | |
| FG ENGINEERING, LTD.; | § | |
| FG ENGINEERING, LTD. f/k/a | § | |
| FRIEDE & GOLDMAN, LTD.; | § | |

| | |
|---|---|
| FRIEDE & GOLDMAN, LLC f/k/a | § |
| FGL BUYER, LLC, d/b/a | § |
| FRIEDE & GOLDMAN, LTD.; | § |
| AMERICAN BUREAU OF SHIPPING; | § |
| and ABS GROUP OF COMPANIES, INC. | § |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Deiby Ramon Valerio Aguilar, Diego Marquez Alejandro, Daniel Dominguez Arevalo, Abraham Cruz Arista, Jorge Rodriguez Caceres, Esmeralda Castellano, Cristobal Tino Castillejos, Tilo Rivera Chable, Carlos Abrahan Moreno Cobos, Jorge Alberto De La Cruz Cordova, Jose Del Carmen Perez Cordova, Orlando P. Gabriel, Edilberto Garcia Gomez, Jose Emmanuel Mendiza Gomez, Giovanni Alberto Bautista Gonzalez, Pedro Jimenez Hernandez, Yessenia Garcia Julian, Jose Del Carmen Contreras Lopez, Miguel Angel Zetina Lopez, Santiago Quiroz Lopez, Carlos Joaquin Novelo Lugo, Miguel Contreras Magaña, David Toga Mazariego, Adan Jesus Sanchez Perez, Lesbeth Segura Segura, Tito Cazarin Vergara, Magnolia Martinez Zapata, Individually and on behalf of the Estate of Isidoro Solorzano Castillo, deceased, Adrian Martinez Solorzano, and Yadira Martinez Solorzano (collectively "Plaintiffs"), complaining of Defendants Friede & Goldman, LLC, Friede & Goldman, Ltd., FG Engineering, Ltd., FG Engineering, Ltd. f/k/a Friede & Goldman, Ltd., Friede & Goldman, LLC f/k/a FGL Buyer, LLC d/b/a Friede & Goldman, Ltd. ("F&G") and Defendants American Bureau of Shipping and ABS Group of Companies, Inc. ("ABS") (all collectively "Defendants"), and, for cause of action, would respectfully show unto this Honorable Court the following:

2

## I. PARTIES

1.1     Plaintiff Deiby Ramon Valerio Aguilar, is a citizen and resident of Mexico.

1.2     Plaintiff Diego Marquez Alejandro, is a citizen and resident of Mexico.

1.3     Plaintiff Daniel Dominguez Arevalo, is a citizen and resident of Mexico.

1.4     Plaintiff Abraham Cruz Arista, is a citizen and resident of Mexico.

1.5     Plaintiff Jorge Rodriguez Caceres, is a citizen and resident of Mexico.

1.6     Plaintiff Esmeralda Castellano, is a citizen and resident of Mexico.

1.7     Plaintiff Cristobal Tino Castillejos, is a citizen and resident of Mexico.

1.8     Plaintiff Tilo Rivera Chable, is a citizen and resident of Mexico.

1.9     Plaintiff Carlos Abrahan Moreno Cobos, is a citizen and resident of Mexico.

1.10    Plaintiff Jorge Alberto De La Cruz Cordova, is a citizen and resident of Mexico.

1.11    Plaintiff Jose Del Carmen Perez Cordova, is a citizen and resident of Mexico.

1.12    Plaintiff Orlando P. Gabriel, is a citizen and resident of Mexico.

1.13    Plaintiff Edilberto Garcia Gomez, is a citizen and resident of Mexico.

1.14    Plaintiff Jose Emmanuel Mendiza Gomez, is a citizen and resident of Mexico.

1.15    Plaintiff Giovanni Alberto Bautista Gonzalez, is a citizen and resident of Mexico.

1.16    Plaintiff Pedro Jimenez Hernandez, is a citizen and resident of Mexico.

1.17    Plaintiff Yessenia Garcia Julian, is a citizen and resident of Mexico.

1.18    Plaintiff Jose Del Carmen Contreras Lopez, is a citizen and resident of Mexico.

1.19    Plaintiff Miguel Angel Zetina Lopez, is a citizen and resident of Mexico.

1.20    Plaintiff Santiago Quiroz Lopez, is a citizen and resident of Mexico.

1.21    Plaintiff Carlos Joaquin Novelo Lugo, is a citizen and resident of Mexico.

1.22    Plaintiff Miguel Contreras Magaña, is a citizen and resident of Mexico.

1.23 Plaintiff David Toga Mazariego, is a citizen and resident of Mexico.

1.24 Plaintiff Adan Jesus Sanchez Perez, is a citizen and resident of Mexico.

1.25 Plaintiff Lesbeth Segura Segura, is a citizen and resident of Mexico.

1.26 Plaintiff Tito Cazarin Vergara, is a citizen and resident of Mexico.

1.27 Plaintiff Magnolia Martinez Zapata, Individually and on behalf of the Estate of Isidoro Solorzano Castillo, deceased, is a citizen and resident of Mexico.

1.28 Plaintiff Adrian Martinez Solorzano, is a citizen and resident of Mexico.

1.29 Plaintiff Yadira Martinez Solorzano, is a citizen and resident of Mexico.

1.30 Defendant Friede & Goldman, LLC, is a domestic limited liability company with with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Paul Geiger, Jr., 3151 Briarpark Drive, Suite 800, Houston, Texas 77042.

1.31 Defendant Friede & Goldman, Ltd., is a domestic company with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Paul Geiger, Jr., 3151 Briarpark Drive, Suite 800, Houston, Texas 77042.

1.32 Defendant FG Engineering, Ltd., is a foreign company with its principal place of business in Jackson, Mississippi, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corp. Service Co. d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1.33    Defendant FG Engineering, Ltd. f/k/a Friede & Goldman, Ltd., is a foreign company with its principal place of business in Jackson, Mississippi, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corp. Service Co. d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1.34    Defendant Friede & Goldman, LLC f/k/a FGL Buyer, LLC d/b/a Friede & Goldman, Ltd., is a domestic company with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Paul Geiger, Jr., 3151 Briarpark Drive, Suite 800, Houston, Texas 77042.

1.35    Defendant American Bureau of Shipping is a foreign corporation with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, The Prentice Hall Corp. System, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1.36    Defendant ABS Group of Companies, Inc. is a foreign corporation with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corp. Service Co. d/b/a CSC Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## II. JURISDICTION

2.1    The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the suit involves admiralty and maritime jurisdiction.

### III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

### IV.  FACTS

4.1     At all material times hereto, F&G was the designer, manufacturer, marketer and/or seller of self-propelled marine vessels known as liftboats or jack-ups, including, in particular, the jack-up *Troll Solution* (the "Vessel").

4.2     The Vessel was defectively designed, in that it was unreasonably dangerous when sold and marketed by F&G, exposing its users to an unreasonable risk of harm when used for its intended purpose, in that it failed to meet the minimum necessary safety factors.  This design defect or defects were known to F&G before the incident made the basis of suit, yet with knowledge and malice, F&G continued to market and sell these types of jack-ups with conscious disregard for the safety and lives of the men working on them.

4.3     F&G knew of the design defects, yet knowingly marketed and sold the Vessel and placed the Vessel into the stream of commerce instead of warning of the defective and dangerous condition of the Vessel.

4.4     On or about May 5, 2015, Deiby Ramon Valerio Aguilar, Diego Marquez Alejandro, Daniel Dominguez Arevalo, Abraham Cruz Arista, Jorge Rodriguez Caceres, Esmeralda Castellano, Cristobal Tino Castillejos, Tilo Rivera Chable, Carlos Abrahan Moreno Cobos, Jorge Alberto De La Cruz Cordova, Jose Del Carmen Perez Cordova, Orlando P. Gabriel, Edilberto Garcia Gomez, Jose Emmanuel Mendiza Gomez, Giovanni Alberto Bautista Gonzalez, Pedro Jimenez Hernandez, Yessenia Garcia Julian, Jose Del Carmen Contreras Lopez, Miguel Angel Zetina Lopez, Santiago Quiroz Lopez, Carlos Joaquin Novelo Lugo, Miguel Contreras

Magaña, David Toga Mazariego, Adan Jesus Sanchez Perez, Lesbeth Segura Segura, and Tito Cazarin Vergara ("Workers Plaintiffs") and Isidoro Solorzano Castillo, ("Worker Decedent") were working onboard the Vessel when it collapsed in the Bay of Campeche and they were forced to abandon it. Failed by the *Troll Solution* by virtue of its collapse due to defective design, the crew of said Vessel, including the Worker Plaintiffs and Worker Decedent, were left to a horrifying fate.

4.5   Worker Plaintiffs suffered serious and disabling bodily injuries and mental anguish as a result of the collapse of the *Troll Solution.*

4.6   Worker Decedent suffered serious and disabling bodily injuries and mental anguish, as a result of the collapse of the *Troll Solution,* and subsequently died from his injuries.

## V.  CAUSES OF ACTION

### A.   Negligent Design/Marketing and/or Manufacturing Defects

5.1   The foregoing paragraphs 4.1 to 4.6 are re-alleged as though fully again set forth.

5.2   F&G was obligated to exercise reasonable care when designing, marketing, manufacturing, assembling, distributing, servicing, inspecting, and selling jack-ups, including the *Troll Solution.* With regard to the design defect at issue, a reasonable safer alternative was available at the time of manufacture. Such safer alternative design would have prevented the accident at issue. Such alternative design would have improved the seaworthiness of the Vessel. Such alternative design would have changed the overall design of the Vessel to make it safer, preventing it from failure under conditions it incurred in the instant case. The safer alternative design was economically and technologically feasible at the time the product left the control of F&G by application of existing or reasonably achievable scientific knowledge.

5.3     F&G negligently designed, manufactured, assembled, distributed, serviced, inspected, sold, or otherwise placed in the stream of commerce the *Troll Solution,* which was dangerous and unsafe for its intended use.

5.4     As a direct and proximate result of F&G's negligence, Plaintiffs sustained damages in an amount to be shown at trial.

   **B.** **Strict Products Liability/Failure to Warn**

5.5     The injuries sustained by the Worker Plaintiffs and injuries and deaths of Worker Decedent and the resultant damages sustained by Plaintiffs were caused by the Vessel, a defective product designed, marketed, manufactured, and sold by F&G, which was engaged in the business of placing products, like and including the Vessel, into the stream of commerce.  The Vessel was defective, which rendered the Vessel unreasonably dangerous, which and was the proximate or producing cause of injury to the Worker Plaintiffs, injury and death to Worker Decedent, and resultant damages to Plaintiffs.

5.6     F&G knew, or should have known, of the risk of harm to the Worker Plaintiffs and Worker Decedent, but breached its duty to warn them, or the vessel buyer, of the risks.  This lack of adequate warning of the product defect was the producing cause of injury to the Worker Plaintiffs, injury and death to Worker Decedent, and resultant damages to Plaintiffs.

   **C.** **Negligence and Negligence *Per Se* of F&G**

5.7     F&G owed a duty to the Worker Plaintiffs and Worker Decedent to keep them safe from harm while working on and using the Vessel, which it sold and placed in the stream of commerce.

5.8     F&G breached that duty by failing to properly design the Vessel so that it would meet the minimum necessary safety factors in the target design environmental condition, *i.e.*, jacked-up

over the surface of the water. F&G further breached its duty to the Worker Plaintiffs and Worker Decedent by negligently failing to warn buyers of this Vessel, and any mariners using this Vessel, of the defective design of and dangers posed while using the Vessel as intended.

5.9     F&G was negligent and acted unreasonably in selling the Vessel knowing, or it should have known, that it was unsafe.

5.10    As a result of F&G's breaches of duty, the Worker Plaintiffs were injured, Worker Decedent sustained injury and death, and Plaintiffs have suffered the resultant damages.

### D.     Negligence and Negligent Misrepresentation of ABS

5.11    ABS was negligent in its inspection, review, and classification of the vessel *Troll Solution.* ABS inspected and approved the vessel for use despite obvious dangerous and unsafe characteristics of the vessel. ABS negligently misrepresented the qualities, characteristics and seawaorthiness of the Vessel to the detriment of the Worker Plaintiffs and Worker Decedent when ABS knew or reasonably should have known that the Worker Plaintiffs and Worker Decedent would rely upon the representations. By serving aboard the Vessel, the Worker Plaintiffs and Worker Decedent relied upon the ABS certifications to their detriment.

5.12    ABS conducted its testing and inspection in a negligent and unreasonable manner, and ABS's negligence was a direct and producing cause of injury to the Worker Plaintiffs, injury and death to Worker Decedent, and resultant damages to Plaintiffs.

### E.     Gross Negligence

5.13    Defendants, by their acts or omissions, which when viewed objectively from the standpoint of Defendants at the time of the marketing and sale of the Vessel involves an extreme degree of risk, considering the probability and magnitude of potential harm to others and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeding with

conscious indifference to the rights, safety, or welfare of the Worker Plaintiffs and Worker Decedent.  Therefore, Defendants should be liable to Plaintiffs for punitive damages.

## VI.  DAMAGES

6.1   As a direct and proximate result of Defendants' conduct:

   6.1.1   Worker Plaintiffs suffered injuries and sustained resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering; (h) punitive damages;

   6.1.2   Worker Decedent suffered bodily injuries, mental anguish, and physical pain and suffering prior to his death, and then death.  As a result thereof, Plaintiffs Magnolia Martinez Zapata, Individually and on behalf of the Estate of Isidoro Solorzano Castillo, deceased, Adrian Martinez Solorzano, and Yadira Martinez Solorzano suffered the following damages:  (a) mental anguish in the past and future; (b) lost earnings; (c) physical pain and suffering; (d) punitive damages; and (e) such other and further damages as allowed by the general maritime law and any other supplemental foreign or state laws.

## VII.  JURY DEMAND

7.1   Plaintiffs demand a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages; attorney's fees; costs of suit; all other damages to which Plaintiffs are entitled by law; and all other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / SDTX ID 5369
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656
Email:        fspagnoletti@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Jerry C. von Sternberg
SBN 20618150 / SDTX ID 11583
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656
Email:        jvs@spaglaw.com

ATTORNEYS FOR PLAINTIFFS